UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X
                       :
DISTRICT PHOTO INC. HEALTH     :     CASE NO. CV-13-4285 JFB
CARE PLAN,                   :
                       :
          Plaintiff,       :
v.                        :
                       :
DIMITRI PYRROS, MD, and       :
ZELEN PYRROS, MD, P.C.,      :
                       :
          Defendants.    :
                       :
-----------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' REQUEST FOR ATTORNEYS FEES**

SIMON I. ALLENTUCH
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut  06510
Telephone 203.821.2000
Attorneys for Dimitri Pyrros, M.D.,
and Zelen Pyrros, M.D., P.C.

# Table of Authorities

## Cases

Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242 (2010) ................................................ 1, 2, 4

Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health. Ben. Plan, 136 S. Ct. 651 (2016) ............... 1

Dist. Photo Inc. Health Care Plan v. Pyrros, 2016 U.S. Dist. LEXIS 133581 (E.D.N.Y. Sept. 28, 2016) 1, 2, 3, 5, 6, 8

Thurber v. Aetna Life Ins. Co., 712 F.3d 654 (2d Cir. 2013) ................................................ 2, 5

Scarangella v. Group Health, Inc., 731 F.3d 146 (2d Cir. 2013) ................................................ 2

Donachie v. Liberty Life Assur. Co., 745 F.3d 41 (2d Cir. 2014) ................................................ 3, 4

Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2d Cir. 1987) ................................... 4

Slupinski v. First Unum Life Ins. Co., 554 F.3d 38 (2d Cir. 2009) ................................................ 4

R.I. Carpenters Annuity Fund v. Trevi Icos Corp., 533 F. Supp. 2d 246 (D.R.I. 2008) .................. 6, 9, 10

Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220 (1st Cir. 1996) ........................................... 6, 7

Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund, 902 F.2d 185 (2d Cir. 1990) ...................................... 7, 10

Foley v. Bethlehem Steel Corp., 30 F. Supp. 2d 366 (W.D.N.Y. 1998) ........................................... 8, 10

Monkelis v. Mobay Chem., 827 F.2d 935 (3d Cir. 1987) ............................................................. 8-9

Salovaara v. Eckert, 222 F.3d 19 (2d Cir. 2000) ................................................................... 9

Seitzman v. Sun Life Assur. Co. of Can., 311 F.3d 477 (2d Cir. 2002) ........................................... 10

Klepeis v. J&R Equip., Inc., 2012 U.S. Dist. LEXIS 16441 (S.D.N.Y. Feb. 9, 2012) ............................ 11

Locher v. UNUM Life Ins. Co. of Am., 389 F.3d 288 (2d Cir. 2004) ............................................... 11

## Statutes

29 U.S.C. § 1132(a) (2012) ..................................................................................... 1, 4

29 U.S.C. § 1132(a)(3) (2012) ..................................................................................... 2

N.Y. Ins. Law § 3224 ............................................................................................ 2

29 U.S.C. § 1405(a) (2012) ....................................................................................... 7

29 U.S.C. § 187 (2012) ........................................................................................... 7

29 U.S.C. §§ 188-191 (2012) ...................................................................................... 7

29 U.S.C. § 190 (2012) ........................................................................................... 7

29 U.S.C. § 189 (2012) ........................................................................................... 7

29 U.S.C. § 186 (2012) ........................................................................................... 8

## PRELIMINARY STATEMENT

The Defendants are entitled to attorney's fees as a prevailing party under 29 U.S.C. §

1132(a) because defendants prevailed.  See Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242,

245 (2010) (Under ERISA, a court "in its discretion may award fees and costs to either party . . .

as long as the fee claimant has achieved some degree of success on the merits.").  If defendants

had not prevailed, plaintiff's plan member would have been liable for the emergency services he

received from defendants as non-participating providers.

Plaintiff was either extremely careless or acted in bad faith.  The District Photo Health

Care Plan (the "Plan") is administered and controlled by Care First Blue Cross Blue Shield

("Blue Cross"), a large health insurer with 3.2 million members and $8.2 billion dollars in

revenue according to its website. See Exhibit 3, Allentuch Declaration, Fletcher Dep., and

Exhibit 4, Allentuch Declaration.  It also provides third-party administrator services to plaintiff.

Exhibit 3, Allentuch Declaration, Fletcher Dep. pp. 6-11.  Blue Cross' in house counsel, Patrick

De Gravelles appeared at depositions and at the summary judgment oral argument in this case.

Paragraph 7, Allentuch Declaration.  Blue Cross is a large and sophisticated entity that provides

services to millions of enrollees in ERISA plans.  It administers more than 150 ERISA plans as a

third party administrator for self-insured plans.  Exhibit 3, Allentuch Declaration, Fletcher Dep.,

p. 10.

Despite its sophistication, as demonstrated by this Court's decisions and the precedent it

applied, plaintiff never had a good faith basis for its claim.  There are a number of reasons why

defendants prevailed.  Among them, the Court declaratively stated in a heading in its opinion that

1

"The Plan Document Does Not Impose an Equitable Lien.[1]"  Dist. Photo Inc. Health Care Plan v. Pyrros, 2016 U.S. Dist. LEXIS 133581, at *9 (E.D.N.Y. Sep. 28, 2016).  An equitable lien created by Plan language is a prerequisite to any Plan claim for recoupment under ERISA's civil enforcement provision.  See 29 U.S.C. 1132(a)(3).  Absent an equitable lien, the Plan has no claim under ERISA.  See Thurber v. Aetna Life Ins. Co., 712 F.3d 654, 666 (2d Cir. 2013) ("Here, because we find that Aetna's *plan established an equitable lien by agreement*, we hold that Aetna presented a claim for 'appropriate equitable relief' under 29 U.S.C. § 1132(a)(3) over which the district court had subject matter jurisdiction." (Emphasis added.)).  Plaintiff's claim failed under Thurber even before that case was overruled because the Plan lacked a basis on which it could seek equitable relief under ERISA.[2]

        As explained further below, defendants should be awarded attorney's fees because they have had to expend significant resources defending claims that were already settled and which the Plaintiffs lacked a good faith basis to litigate under ERISA.

**I.      The Defendants Have Had Success On The Merits And Can Be Awarded Attorney's Fees For That Reason**

        Under ERISA, a court "in its discretion may award fees and costs to either party . . . as long as the fee claimant has achieved some degree of success on the merits."  Hardt, 560 U.S. at 245.  A party meets this standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue."  Id. at 255.  This is the sole factor a court must consider in exercising its discretion.  See id.  In this case, defendants obtained

---

[1] The Court's analysis was textual and had nothing to do with the Supreme Court's decision in Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health. Ben. Plan, 136 S. Ct. 651 (2016).
[2] In Thurber, the Court of Appeals performed a close textual analysis of the language of the plan at issue.  This Court performed that type of analysis in Dist. Photo Inc., 2016 U.S. Dist. LEXIS 133581.

summary judgment on each claim plaintiff asserted,[3] meaning that they obtained success on the merits. See Scarangella v. Group Health, Inc., 731 F.3d 146, 152-53 (2d Cir. 2013).  Under Hardt, a court in its discretion can award attorney's fees to an ERISA beneficiary solely because the beneficiary has had success on the merits.  See Donachie v. Liberty Life Assur. Co., 745 F.3d 41, 46 (2d Cir. 2014).[4]  In Donachie, the Second Circuit found that the plaintiff was "the prevailing party" and "was eligible for an award of attorney's fees."  Id. at 47.  In awarding the attorney's fees, the Second Circuit held that "[i]ndeed,  in light of the ERISA fee provision's 'statutory purpose of vindicating retirement rights, . . . granting a prevailing plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'"  Id.

In this case, defendants obtained summary judgment on all of plaintiff's claims against them and prevailed on their counterclaims.  Defendants, who provided emergency medical services to a Plan enrollee, have had to incur great expenses to defend against plaintiff's claims that were frivolous from the start.  As discussed in the preliminary statement, the Plan did not create an equitable lien or constructive trust upon which plaintiff could seek equitable relief under ERISA's civil enforcement provision.

Furthermore, plaintiff had already settled the claims against defendants prior to bringing this action.  The Court found that the settlement was consistent with the terms of the Plan.  Dist. Photo Inc., 2016 U.S. Dist. LEXIS 133581, at *18 ("Therefore, because the Settlement Agreements did not clearly violate the Plan Document and the Plan Administrator had the sole discretion to negotiate the claims with defendants, there is no clear reason for the Court not to enforce the Settlement Letters.").

---

[3] The Complaint contains two causes of action (both completely preempted) and includes statutory claims under N.Y. Ins. Law § 3224 as well as claims for attorneys' fees and post- judgment and prejudgment interest. See DE 1.
[4] As this Court observed, because of the assignment, "the medical provider stands in the shoes of the plan participant, becomes an ERISA beneficiary . . . "  P. 16, December 2, 2015 Summary Judgment Decision.

In other words, even if the Plan language was different, and the funds were equitably liened, plaintiff would still have lost this case. As defendants argued, the Settlement Letters operated as an accord and satisfaction. A lawsuit which seeks to litigate settled claims is, by definition, frivolous. Therefore, plaintiff failed to satisfy the prerequisites for a claim and, even if it had, the claim was not meritorious. In other words, there was no good faith basis for this lawsuit.

## II.    The Defendants Are Also Entitled To Attorney's Fees If This Court Chooses To Consider the <u>Chambless</u>[5] Factors

The <u>Hardt</u> Court also stated that courts retain discretion to consider the traditional five factor test which is known in the Second Circuit as the <u>Chambless</u> factors. <u>See</u> <u>Hardt</u>, 560 U.S. at 255. If a court chooses to consider factors other than "success on the merits" then the court must consider the <u>Chambless</u> factors in exercising its discretion on whether to award attorney's fees pursuant to 29 U.S.C. § 1132(a). <u>See</u> <u>Donachie</u>, 745 F.3d at 47. The <u>Chambless</u> factors require a court to consider: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." <u>Id.</u> at 46. Four of the five factors favor defendants.

## A.    Plaintiff Is Culpable and Acted In Bad Faith

As discussed in the prior section, plaintiff did not have a basis upon which to seek equitable relief for the claims alleged in this case. This type of behavior satisfies the "Culpability or Bad Faith" standards. The Second Circuit has noted that "'culpability' and 'bad faith' are distinct standards." <u>Slupinksi v. First Unum Life Ins. Co.</u>, 554 F.3d 38, 48 (2d Cir.

---

[5] <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 815 F.2d 869 (2d Cir. 1987).

4

2009).  "[A] finding of culpability involves more than mere negligence, but does not require malice or an ulterior motive." Demonchaux v. UnitedHealthcare Oxford, 2014 U.S. Dist. LEXIS 43954, at *11 (S.D.N.Y. Mar. 27, 2014).  "Thus, to win an award of attorney's fees under ERISA a party need not prove that the offending party acted in bad faith." Slupinski, 554 F.3d at 48.

Here, this Court found that the Plan did not create a constructive trust or equitable lien by agreement upon which the plaintiff could seek equitable relief. Dist. Photo Inc., 2016 U.S. Dist. LEXIS 133581, at *9.  It attempted to litigate settled claims. Id. at *18.  Furthermore, plaintiff alleged claims that were completely preempted by ERISA.  In other words, plaintiff's claims lacked the factual prerequisite (an equitable lien) and also lacked any substantive merit because they had already been settled consistent with the Plan.  This complete failure is particularly troubling because plaintiff's TPA, Blue Cross, was directly involved in this claim and Blue Cross is presumably familiar with the limited ability of a plan to seek relief under ERISA's civil enforcement provision.

More specifically, plaintiff's conduct was culpable because it lacked a basis upon which to seek equitable relief even prior to Thurber being overruled.  This Court noted that it initially denied defendants' motion for summary judgment and determined that plaintiff had a viable claim under the then existing precedent of Thurber.  Thurber held that funds subject to an equitable lien by agreement could be recovered as a claim in equity even if they had been dissipated and were no longer traceable. Thurber, 712 F.3d at 665-66.  Montanile later overruled this conclusion.  As discussed above, prior to the case being overruled on the traceability issue, Thurber still made clear that there had to exist an equitable lien or other basis upon which a claimant could seek relief under ERISA. See Thurber, 712 F.3d at 666 ("Here, because we find that Aetna's *plan established an equitable lien by agreement*, we hold that Aetna presented a

claim for 'appropriate equitable relief' under 29 U.S.C. § 1132(a)(3) over which the district court had subject matter jurisdiction.) (Emphasis added.)

This Court found that the language of the Plan did not create a constructive trust or equitable lien in the Rights of Recovery section of the Plan at issue in this case. As this Court stated, "[b]ecause 'ERISA-plan provisions do not create constructive trusts and equitable liens by the mere fact of their existence; the liens and trusts are created by the agreement between the parties to deliver assets . . . and there was no agreement providing that excess payments would be subject to an equitable lien, plaintiffs do not have a claim for equitable relief under ERISA." Dist. Photo Inc., 2016 U.S. Dist. LEXIS 133581 at *13. This was true prior to Thurber and demonstrates that plaintiff did not have a basis for equitable relief even before Thurber was overruled. Furthermore, plaintiff knew or should have known that it did not have a basis for equitable relief under the Rights of Recovery Section because, as this Court found, "other portions of the Plan Document demonstrate that plaintiff knew how to draft the document in order to create an equitable lien." Id. at *11.

The fact that plaintiff's claims initially survived summary judgment prior to the defendants' motion for reargument does not preclude the Court from finding that plaintiff engaged in culpable conduct sufficient to merit an award of attorney's fees. For example, another district court has awarded attorney's fees to a defendant that prevailed against a plaintiff ERISA plan whose claims initially survived summary judgment. See R.I. Carpenters Annuity Fund v. Trevi Icos Corp., 533 F. Supp. 2d 246, 253 (D.R.I. 2008).[6] In that case, an ERISA benefit fund sought to use an ERISA claim as a means to expand the jurisdiction of its labor union. Id. at 252. The court initially denied summary judgment and "made clear . . . that

---

[6] This case was decided under First Circuit precedent, which uses the same five factor test as the Second Circuit. See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996).

Plaintiff's claim was viable." Id.  The court, however, eventually determined that the claim was meritless and awarded attorney's fees to the prevailing defendant.  It found that the plaintiff's action of bringing the meritless claim was sufficiently culpable and the fact that it survived summary judgment "did not mean it was risk free" from being assessed attorney's fees. Id. at 252-53. The court stated "[n]o sophisticated benefit fund undertakes this type of litigation without understanding the potential risks and benefits attendant to the action.  This Court must assume that the funds knew the potential risk of an adverse ruling." Id. at 252.[7]

Plaintiff's conduct is additionally culpable because, in addition to not having a basis for equitable relief, it had already settled the underlying claims.  Despite the settlement, plaintiff brought this action seeking to undermine the valid, binding settlement agreements.  Second Circuit precedent supports the proposition of awarding attorneys' fees where a party brings an ERISA action seeking to undermine a valid settlement agreement.  In Anita Foundations, Inc. v. ILGWU Nat'l Retirement Fund, 902 F.2d 185 (2d Cir. 1990), the court affirmed the award of attorneys' fees to a plaintiff because the defendant Plan brought claims under the Multiemployer Pension Plan Amendments Act (MPPAA), 29 U.S.C. § 1405(a) that had already been settled.  Id. at 187.  The MPPAA was intended as a modification of ERISA and the court applied the Chambless (then called Miles) factors in evaluating the award of attorney's fees.  See id. at 188-191.  In regard to the culpability factor, the court determined that the Plan's "post-settlement posture [of bringing its claims] flies in the face of the strong public policy favoring settlements." Id. at 190.  The parties entered into the settlement agreement at a time when an applicable

---

[7] Blue Cross is a sophisticated entity that has expertise in administering ERISA Plans.  It provides healthcare services to millions of enrollees in ERISA Plans and serves as the third party administrator to over 150 ERISA plans.  See Exhibit 3, Allentuch Declaration, Fletcher Dep., p. 6; Exhibit 4, Allentuch Declaration.  Plaintiff hired Blue Cross as the third party administer of its ERISA Plan. In fact, one of Blue Cross's employees testified at his deposition that Blue Cross was "the company that [the Plaintiff] went to for the administration and benefits" management of the Plan. Exhibit 3, Allentuch Declaration, Fletcher Dep. pp., 11-12. Blue Cross markets its services as a third party administrator of ERISA Plans.  See Exhibit 4, Allentuch Declaration.

provision of the MPPAA was uncertain.  Id. at 189.  The uncertainty was not clarified until after the agreement was reached.  The Second Circuit determined this was of no import because "a settlement payment, made when the law was uncertain, cannot be successfully attacked on the basis of any subsequent resolution of the uncertainty."  Id. at 189.  Overall, the Second Circuit "f[ound] that the [Plan] asserted its claims in defiance of the public policy favoring settlement agreements and therefore conclude[d] that the district court did not abuse its discretion by assessing attorney's fees against it."  Id. at 186.

The first factor weighs against plaintiff in this case for the same reasons.  Plaintiff brought claims under ERISA that they had already resolved pursuant to binding settlement agreements.  The Plan gave the administrator "sole and complete discretion to construe and interpret the provisions and terms of the plan, to resolve any disputes which may arise under the plan and otherwise determine the operation and administration of the plan. . .  Any and all such decisions and determinations made by the Plan shall be final and binding upon all parties."  Dist. Photo Inc., 2016 U.S. Dist. LEXIS 133581 at *17.  The administrator settled the claims within its discretion, but plaintiff then turned around and tried to bring an ERISA action to undermine the binding settlement.  As this Court stated the "Plan Document language . . . makes clear that the payments did not violate the Plan Document."  Id. at 14.

The subsequent reversal of Thurber does not change the fact that the claims were already settled and defendants have had to incur expenses defending against claims that should not have been brought in the first place.  See Foley v. Bethlehem Steel Corp., 30 F. Supp. 2d 366, 368 (W.D.N.Y. 1998) ("Although plaintiff did not demonstrate any extreme instances of bad faith, he did pursue this meritless litigation . . . making an award of fees appropriate.").

Furthermore, like the plaintiff in R.I. Carpenters Annuity Fund, plaintiff also attempted to use ERISA as a means to litigate non-ERISA causes of action.  Plaintiff asserted state law claims as an ERISA claim, despite the fact that there was no way it could seek equitable relief.  There was no good faith basis for these claims because they were preempted from the start.  See Monkelis v. Mobay Chemical, 827 F.2d 935, 937 (3d Cir. 1987) (awarding attorney's fees to prevailing defendant and finding plaintiff acted culpably because frivolous ERISA suit was a "rehash" of prior state proceeding).  For these reasons, defendants have demonstrated that they are entitled to attorney's fees.

**B.      Plaintiff has the Capacity To Pay Attorneys Fees**

The Plan clearly has sufficient funds to satisfy an award of fees.  It is not an individual and it regularly pays for substantial medical expenses, like the enrollee's surgery, that can amount to hundreds of thousands of dollars.  Although the claim will be paid out of the Plan's assets, courts have stated that fact will not foreclose an award of fees because "[i]f that were the case, then no prevailing defendant could ever obtain a fee award against a plan trustee, despite ERISA's language permitting otherwise." R.I. Carpenters Annuity Fund., 533 F. Supp. 2d at 253. "[B]y electing to proceed with its lawsuit, Plaintiff exposed itself to the risk of an adverse fee award.  Therefore, this factor cuts against Plaintiff." Id.

**C.      An Award of Attorneys Fees Will Deter Plaintiff From Continued Misconduct**

This factor weighs in favor of defendants as well.  Defendants provided emergency surgery to plaintiff's enrollee.  If the Court compels the Plan to pay defendants' costs and attorneys' fees, the Plan will be less inclined to take advantage of other non-participating providers and leave enrollees with potential liability.  Generally, ERISA cases involve a beneficiary as a plaintiff against a plan as a defendant.  Courts in such cases are reluctant to

9

award attorney's fees to prevailing defendants so as not to stifle ERISA plaintiffs from bringing

potentially meritorious claims. <u>Salovaara v. Eckert</u>, 222 F.3d 19, 28-29 (2d Cir. 2000). This

presumption is not applicable in the present circumstances, where the Plan was the plaintiff

asserting a frivolous claim against defendants, who were entitled to payment for services

rendered to the enrollee. As stated above, defendants stand in place of the beneficiary and could

have sued the beneficiary for payment.

Courts have stated that the deterrence factor should be "used as a shield to protect

beneficiaries from the fear of having to pay to pursue an important ERISA claim in the event of

failing to prevail." <u>Seitzman v. Sun Life Assur. Co. of Can.</u>, 311 F.3d 477, 486 (2d Cir. 2002).

It should also shield beneficiaries and their assignees from having to defend against frivolous

lawsuits brought by an ERISA plan, which is brought at the expense of the plan participants as a

whole. <u>See</u> <u>R.I. Carpenters Annuity Fund</u>, 533 F. Supp. 2d at 253 (imposing award against

plaintiff plan trustees to deter them from using ERISA as a means to circumvent mechanisms in

collective bargaining agreement and National Labor Relations Act); <u>see also</u> <u>Foley</u>, 30 F. Supp.

2d at 368 (W.D.N.Y. 1998) (awarding prevailing defendant attorney's fees and determining

under third <u>Chambless</u> factor that "the Court finds it appropriate that there be some disincentive

to filing meritless suits"). Furthermore, the deterrence factor supports an award because the

claims were already settled. <u>See</u> <u>Anita Foundations, Inc.</u>, 902 F.2d at 191 ("A fee award here

reaffirms the dignity to be afforded such settlements.").

## D.    The Relative Merits of the Parties' Position Favor Defendants

This factor is often considered in conjunction with the first factor regarding the

culpability of the non-prevailing party. As previously stated above, plaintiff's claims did not

have merit from the start of its case. It had already settled all of the claims prior to commencing

the action.  Plaintiff tried to assert common law claims against the Defendants despite the fact

that the Plan was governed by ERISA.  Furthermore, this Court found that there was never an

equitable lien or constructive trust created under the Plan.

**E.     Whether the Action Conferred a Common Benefit
        On a Group of Pension Plan Participants**

Where four of the <u>Chambless</u> factors are satisfied, an award of attorney's fees is

appropriate.  <u>Klepeis v. J&R Equip., Inc.</u>, 2012 U.S. Dist. LEXIS 16441 (S.D.N.Y. Feb. 9, 2012)

("While the fifth <u>Chambless</u> factor is not in Plaintiff's favor, as this action does not confer a

common benefit on a group of Plan participants, the other four factors weigh in favor of Plaintiff.

I therefore find that he is entitled to an award of attorneys' fees."); <u>See</u> also, <u>Locher v. Unum Life</u>

<u>Ins. Co. of America</u>, 389 F.3d 288, 299 (2d Cir. 2004) (affirming award of attorneys' fees when

only first four <u>Chambless</u> factors satisfied).

**III.    The Requested Attorneys Fees Are Reasonable**

Defendants' attorneys' fee request is reasonable for ERISA litigation based on the

effective hourly rate and the complexity of this case.  Defendants seek $122,180.88 in attorney's

fees.  <u>See</u> Exhibit 1, Allentuch Declaration.  Plaintiff also seeks costs of $3,3431.39.  Defendants

counsel billed 599.60 hours in litigating this action.  This results in an effective rate of $203.77

per hour.  This is a reasonable amount and is significantly lower than the average rates charged

in the metropolitan New York area for ERISA cases.  A detailed time run has been provided.

11

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request an award of reasonable attorneys' fees.

Respectfully submitted,

DEFENDANTS, DIMITRI PYRROS, M.D.,
AND ZELEN PYRROS, M.D., P.C.

By: _____ /s/ Simon I. Allentuch _____
Simon I. Allentuch (SA8917)
195 Church Street, 13th Floor
New Haven, Connecticut  06510
Telephone 203.821.2000
Attorneys for the Defendants

12

## <u>CERTIFICATION</u>

I hereby certify that on November 1, 2016, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.


        /s/ Simon I. Allentuch

Simon I. Allentuch
NEUBERT, PEPE & MONTEITH, P.C.